**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HUERTA, individually and as successor-in-interest to Decedent, Roman Huerta; and JESSICA DURAN, individually and as successor-in-interest to Decedent, Roman Huerta,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:25-CV-03591-JGB-SP<br><br>*Hon. Jesus G. Bernal*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Proposed Order filed concurrently herewith*]<br><br>Date: August 10, 2026<br>Time: 9:00 a.m.<br>Courtroom: 1 |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 10, 2026, at 9:00 a.m. at the above-entitled court, located at 3470 Twelfth Street, Riverside, CA 92501, Plaintiffs, Armando Huerta and Jessica Duran, will and hereby do move the Court for an order granting Plaintiffs leave to file a First Amended Complaint in this action. Plaintiffs make this Motion pursuant to Federal Rule of Civil Procedure 15 for the purpose of amending their Complaint to name as individual defendants the County of San Bernardino Sheriff's deputies who are believed to have liability for the claims asserted in Plaintiff's Complaint, in lieu of the defendants currently identified therein as DOES 1-5, and to name additional defendants whose names and/or capacities were previously unknown to Plaintiffs. Plaintiffs make this Motion on the grounds that justice requires leave to amend and that Defendant County of San Bernardino will suffer no prejudice.

This Motion is based on this Notice of Motion and the attached Memorandum of Points and Authorities, the proposed First Amended Complaint appended as an exhibit hereto, the file and records in this case, and any further argument or evidence the Court deems fit to receive at any hearing on this Motion.

This Motion is made following the conference of counsel for Plaintiffs and Defendant, which took place via telephone conference on July 6, 2026.

Dated: July 13, 2026                    LAW OFFICES OF DALE K. GALIPO

                                        By ___*/s/ Benjamin S. Levine*___
                                           DALE K. GALIPO
                                           BENJAMIN S. LEVINE
                                           *Attorneys for Plaintiff*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case arises out of the unjustified restraint death of Plaintiffs' decedent—their son, Roman Huerta—while in the custody of Defendant County of San Bernardino, following other uses of force against him that are believed to be causally related to his death, on February 24, 2025. Plaintiffs filed their initial Complaint on December 30, 2025, asserting causes of action under federal and state law to challenge their son's death. [Dkt. 1.] At that time, the names and capacities of the individuals who used force against Plaintiffs' decedent and are alleged to have liability for his death were unknown to Plaintiffs, as were the identities of any relevant non-person entities besides the County of San Bernardino. [*See id.* ¶ 13.]

Following initial discovery, Plaintiffs now seek leave to file an amended complaint to conform their allegations and claims for relief to additional information that Plaintiffs recently obtained for the first time, through discovery in this action. Specifically, Plaintiffs have learned the identities of the individuals who used force against Plaintiffs' decedent during the incident that resulted in his death. These individuals include individual Sheriff's deputies working for Defendant County of San Bernardino, who are currently identified in Plaintiffs' Complaint as Does, as well as security officers working for the medical facility in which Plaintiffs' decedent died. Plaintiffs also seek to name that medical facility and the medical group that operates the facility, based on the newly discovered information showing that the facility's security officers used force against the decedent immediately before his death. The Sheriff's deputies Plaintiffs seek to name as defendants are Corrin Cassidy, Jonathan Ortega, Tyler Whitcomb, Tyler Ragland, and Jonathan Ramstad; the security officers are Arturo Alvarez and Dariyus Jackson; and the medical facility is Victor Valley Global Medical Center, operated by The KPC Group (d/b/a KPC Health).

Because justice requires that Plaintiffs be allowed to proceed in this action against the individuals they have learned used force against their son, leading to his

death, and because the deadline to seek leave to amend their Complaint has not passed, Plaintiffs respectfully request that the Court grant them leave to amend their Complaint as requested herein. A redlined copy of Plaintiffs' proposed First Amended Complaint is appended hereto as "**Exhibit A**," and a clean copy is appended as "**Exhibit B**."[1] Although counsel for the parties have discussed stipulating to allow the requested amendment, no agreement has been reached as of the time of this filing, which comes on the deadline to file such motions as set forth in the Court's Scheduling Order. [Dkt. 18.] Plaintiffs have not previously amended their Complaint or requested leave of Court to do so.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that a party seeking leave to amend a pleading after a response has been filed may do so either by stipulation or with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Under Rule 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality," even where the amendment adds entirely new causes of action. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Jenn-Air Products Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 593 (E.D. Pa. 1968). Thus, "while 'leave to amend should not be granted automatically,' the circumstances under which Rule 15(a) 'permits denial of leave to amend are limited.'" *Lopez v. Cher Koon Teo*, No. CV 09u-03688 RGK (FFMx), 2010 WL 11519993, at *3 (C.D. Cal. July 1, 2010) (quoting *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991)). Leave should be denied "only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing

---

[1] Because the proposed changes to Plaintiffs' complaint are extensive as a result of the addition of several defendants, such that identification of the page and line numbers of each change would require assembling quite a long list, Plaintiffs are respectfully providing a redlined copy of the proposed First Amended Complaint in lieu of such a list, which is required by this Court's Standing Order.

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

party." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Rule 15(a) is designed 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Id.* (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

## **ARGUMENT**

Plaintiffs' proposed amendment easily satisfies Rule 15's liberal standard. Plaintiffs seek leave to file an amended complaint to name additional defendants whose identities and roles in the subject incident were genuinely unknown to Plaintiffs until documents showing same were produced by Defendant County of San Bernardino following discovery requests Plaintiffs propounded. Plaintiffs have legitimate grounds to believe these defendants have liability for the death of Plaintiffs' decedent. Accordingly, the requested amendment is sought in good faith and would not be futile. *See Chudacoff*, 649 F.3d at 1152.

There also has been no undue delay. The parties exchanged initial disclosures in April 2026. Although Defendant's disclosures identified witnesses to the incident, it was necessary for Plaintiffs to obtain extensive incident records in order to determine the precise roles and capacities of all involved individuals, as necessary to determine who may have liability and who likely does not. Accordingly, Plaintiffs served requests for production seeking these records in May 2026 and obtained them in June 2026. This Motion is being filed as soon as practicable thereafter, following Plaintiffs' review of this extensive discovery, preparation of the First Amended Complaint, meet-and-confer regarding this Motion, and preparation of this Motion.

Finally, allowing the requested amendment will cause no undue prejudice to Defendant County of San Bernardino. Plaintiffs' initial Complaint and the parties' Joint Rule 26(f) Report put Defendant on notice of Plaintiffs' intention to seek this amendment by Plaintiffs' initial Complaint, and specifically of Plaintiffs' intention to name County of San Bernardino Sheriff's deputies as individual defendants. [Dkt. 1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

¶ 13; Dkt. 14 at 8.] And fact discovery in this action will remain open for more than seven additional months, giving Defendant ample time to address any issues that may arise by virtue of the addition of the new defendants to this action. [*See* Dkt. 18 (setting a deadline of February 26, 2027, to serve discovery requests).] Discovery remains in its initial stages and Plaintiffs anticipate that both sides will continue to propound written discovery and take depositions of the involved parties.

For the foregoing reasons, "justice … requires" that leave be granted for the filing of Plaintiffs' First Amended Complaint.

## CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the First Amended Complaint that is appended to this Motion, for the purpose of naming additional defendants who are believed to have liability for the death of Plaintiffs' decedent, which is the subject of this action.

Dated: July 13, 2026                LAW OFFICES OF DALE K. GALIPO

By ___*/s/ Benjamin S. Levine*___
   DALE K. GALIPO
   BENJAMIN S. LEVINE
   *Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES