Christopher P. Wesierski [Bar No. 086736]
*cwesierski@wzllp.com*
Michelle R. Prescott [Bar No. 262638]
*mprescott@wzllp.com*
WESIERSKI & ZUREK LLP
29 Orchard Road
Lake Forest, California 92630
Telephone: (949) 975-1000
Facsimile: (949) 756-0517

Attorneys for Defendant COUNTY OF SAN BERNARDINO, CORRIN CASSIDY; JONATHAN ORTEGA; TYLER RAGLAND; JONATHAN RAMSTAD and TYLER WHITCOMB

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARMANDO HUERTA, individually and as successor-in-interest to Decedent, Roman Huerta; and JESSICA DURAN, individually and as successor-in-interest to Decedent, Roman Huerta,

Plaintiffs,

vs.

COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; JONATHAN ORTEGA; TYLER WHITCOMB; TYLER RAGLAND; JONATHAN RAMSTAD; THE KPC GROUP D/B/A KPC HEALTH; VICTOR VALLEY GLOBAL MEDICAL CENTER; ARTURO ALVAREZ; DARIYUS JACKSON and DOES 6 through 10, inclusive,

Defendants.

Case No. 5:25-cv-3591 -JGB-SP

**DEFENDANT TYLER WHITCOMB'S ANSWER TO FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY**

District Judge: Jesus G. Bernal
Magistrate Judge: Sheri Pym

Trial Date: 8/17/2027

COMES NOW, TYLER WHITCOMB ("Defendants"), to answer the First Amended Complaint ("Complaint") filed by the Plaintiffs ARMANDO HUERTA, individually and as successor-in-interest to Decedent, Roman Huerta, and JESSICA

DURAN, individually and as successor-in-interest to Decedent, Roman Huerta, ("Plaintiffs") in the above-entitled action as follows:

**INTRODUCTION PARAGRAPHS IN PLAINTIFFS' COMPLAINT**

1. In answering paragraph 1, Defendants admit the lawsuit is being brought by Plaintiffs for alleged Constitutional violations and violations of state law arising out of the death of their son. Except as so admitted, Defendants deny each and every remaining allegation therein.

2. In answering paragraphs 2 and 3, Defendants deny generally and specifically each and every allegation contained therein.

**JURISDICTION AND VENUE AS ALLEGED BY PLAINTIFFS**

3. In answering paragraphs 4 and 5, Defendants admit that Plaintiffs are ostensibly invoking jurisdiction of this district court under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4), supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), and venue in the Central District of California pursuant to 28 U.S.C. §1391 (b). Defendant admits that Plaintiffs are asserting claims arising under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Except as so admitted, these answering Defendants lacks information and belief sufficient to enable them to answer thereto and basing their denial on that ground, denies generally and specifically each and every allegation contained therein.

**PARTIES IDENTIFIED IN PLAINTIFFS' COMPLAINT**

4. In answering paragraphs 6, 7, and 8, Defendants lack information and belief sufficient to enable it to answer regarding Decedent Roman Huerta's residency, Plaintiffs' residency, and Plaintiffs' relationship to Decedent, and on that basis denies. Except as so admitted, these answering Defendants lack information and belief sufficient to enable them to answer any remaining allegations in these paragraphs, and on that basis denies generally and specifically each and every remaining allegation contained therein.

5. In answering paragraph 9, Defendants admit that the County is a duly

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

organized public entity existing under the laws of the State of California. Defendants also admit the County is a chartered subdivision of the State of California. Except as expressly admitted, Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis deny.

6. In answering paragraphs 10, 11, 12, 13, and 14 Defendants admit that Defendants Cassidy, Ortega, Whitcomb, Ragland and Ramstad were sheriff's deputies for the County working for the Sheriff Department at all relevant times. Except as expressly admitted, Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis deny.

7. In answering paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 25 Defendants lack information and belief sufficient to enable them to answer, and on that basis denies the allegations in these paragraphs.

8. In answering paragraph 24, Defendants deny the allegations.

**PLAINTIFFS' CLAIMS OF COMMON FACTS**

9. In answering paragraph 25, Defendants reassert and incorporate their responses to paragraphs 1 through 24.

10. In answering paragraph 27, Defendants admit that Defendant Cassidy was called to a gas station based on a reported disturbance on February 24, 2025. Except as expressly admitted, Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis deny.

11. In answering paragraph 28, Defendants admit that Defendant Cassidy contacted Huerta and at some point her taser was deployed. Except as expressly admitted, Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis deny.

12. In answering paragraphs 29, 30, and 32 Defendants deny the

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

allegations.

13. In answering paragraph 31, Defendants admit that Defendants Ortega, Whitcomb and Ragland assisted Cassidy in restraining Huerta. Except as expressly admitted, Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis deny.

14. In answering paragraph 33, 34, 35, 36, 37, 39, Defendants deny the allegations.

15. In answering paragraph 38, 40, 41, and 42, Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis deny.

**PLAINTIFFS' FIRST CLAIM FOR RELIEF FOR**

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

**(Plaintiffs against Defendants CASSIDY, ORTEGA, WHITCOMB, RAGLAND, RAMSTAD DOES 6-10)**

16. In answering paragraph 43, Defendants reassert and incorporate their responses to paragraphs 1 through 42.

17. In answering paragraphs 44, 45, 46, deny the allegations.

18. In answering paragraphs 45, 47, 48, 49, 50, 51 Defendants lacks information and belief sufficient to enable them to answer and on that basis deny the allegations in the paragraphs.

**PLAINTIFFS' SECOND CLAIM FOR RELIEF FOR**

**Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)**

**(Plaintiffs against Defendants CASSIDY, ORTEGA, WHITCOMB, RAGLAND, RAMSTAD DOES 6-10)**

19. In answering paragraph 52, Defendants reassert and incorporate their responses to paragraphs 1 through 51.

20. In answering paragraphs 53, 55, and 56, Defendants deny the allegations in the paragraph.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

21. In answering paragraphs 54, 57 and 58 Defendants lack information and belief sufficient to enable them to answer and on that basis denies the allegations in the paragraphs.

**PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR**

**First and Fourteenth Amendments - Interference with Familial Relationship**

**(42 U.S.C. § 1983)**

**(Plaintiffs against Defendants CASSIDY, ORTEGA, WHITCOMB, RAGLAND, RAMSTAD DOES 6-10)**

22. In answering paragraph 59, Defendants reassert and incorporate their responses to paragraphs 1 through 58.

23. In answering paragraph 59, Defendants assert that the paragraph contains legal contentions and no factual information.

24. In answering paragraphs 61, 62, 63, 64, 65, 66, and 68 Defendants deny the allegations in the paragraphs.

25. In answering paragraphs 67, Defendants lack information and belief sufficient to enable them to answer and on that basis deny the allegations in the paragraphs.

**PLAINTIFFS' FOURTH CLAIM FOR RELIEF FOR**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Plaintiffs against Defendant COUNTY)**

26. In answering paragraph 69, Defendants reassert and incorporate their responses to paragraphs 1 through 68.

27. In answering paragraphs 70, 71, 72, 73, 79, 80, 81, 82, 83, 84, 86, 87, 88, and 90 Defendants deny the allegations in their entirety.

28. No answer is provided for paragraphs 74 through 78 because those paragraphs are missing from the complaint.

29. In answering paragraphs 85, and 89 Defendants lacks information and belief sufficient to enable them to answer and on that basis denies the allegations in

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

the paragraphs.

**PLAINTIFFS' FIFTH CLAIM FOR RELIEF FOR**

**Municipal Liability - Failure to Train (42 U.S.C. § 1983)**

**(Plaintiffs against Defendant COUNTY)**

30. In answering paragraph 91, Defendants reassert and incorporate their responses to paragraphs 1 through 90.

31. In answering paragraphs 92, 93, 94, 95, 96, 97, 100, 101, 102, and 104 Defendants deny the allegations in their entirety.

32. In answering paragraphs 99, and 103, Defendants lacks information and belief sufficient to enable them to answer and on that basis denies the allegations in the paragraphs.

**PLAINTIFFS' SIXTH CLAIM FOR RELIEF FOR**

**Municipal Liability - Ratification (42 U.S.C. § 1983)**

**(Plaintiffs against Defendant COUNTY)**

33. In answering paragraph 105, Defendants reassert and incorporates their responses to paragraphs 1 through 104.

34. In answering paragraph 106 Defendants admit that Defendants Cassidy, Ortega, Whitcomb, Ragland and Ramstad were in the course and scope of employment at all relevant times. Except as expressly admitted, Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis deny.

35. In answering paragraphs 107, 108, 111, 113 Defendants deny the allegations.

36. In answering paragraphs 109, and 112, Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis deny.

**PLAINTIFFS' SEVENTH CLAIM FOR RELIEF FOR**

**Battery (Cal. Gov't Code § 820 and California Common Law)**

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**(Wrongful Death and Survival)**

**(Plaintiffs against all Defendants)**

37. In answering paragraph 114, Defendants reassert and incorporate their responses to paragraphs 1 through 113.

38. In answering paragraphs 115 Defendants admit that Defendants Cassidy, Ortega, Whitcomb, Ragland and Ramstad were in the course and scope of employment at all relevant times. Except as specifically admitted Defendants lack information and belief sufficient to enable them to answer any remaining allegations in this paragraph, and on that basis deny.

39. In answering paragraphs 116, 117, and 119 Defendants deny the allegations.

40. In answering paragraphs 118 and 120 Defendants lack information and belief sufficient to enable them to answer and on that basis deny the allegations in the paragraphs.

**PLAINTIFFS' EIGHTH CLAIM FOR RELIEF FOR**

**Negligence (Cal. Gov't Code § 820 and California Common Law)**

**(Wrongful Death and Survival)**

**(Plaintiffs against all Defendants)**

41. In answering paragraph 121, Defendant reasserts and incorporates its responses to paragraphs 1 through 120.

42. In answering paragraphs 122, 123, and 124, Defendants deny the allegations.

43. In answering paragraphs 125 and 126, Defendants lack information and belief sufficient to enable them to answer and on that basis deny the allegations in the paragraphs.

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**PLAINTIFFS' NINTH CLAIM FOR RELIEF FOR**

**Violation of the Bane Act (Cal. Civil Code § 52.1)**

**(Plaintiffs against all Defendants)**

44. In answering paragraph 127, Defendants reassert and incorporate their responses to paragraphs 1 through 126.

45. Paragraphs 128, and 129, contain legal contentions and no factual contentions.

46. In answering paragraph 138, Defendants lack information and belief sufficient to enable them to answer and on that basis deny the allegations in the paragraphs.

**FIRST AFFIRMATIVE DEFENSE**

47. Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against the answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

48. Because Plaintiffs' Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action, accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**THIRD AFFIRMATIVE DEFENSE**

49. Plaintiffs have failed to mitigate their damages, which damages are denied to exist.

**FOURTH AFFIRMATIVE DEFENSE**

50. Plaintiffs' Complaint is not maintained in good faith and with reasonable cause for purposes of 42 U.S.C. §§ 1983 and 1988.

**FIFTH AFFIRMATIVE DEFENSE**

51. Defendants assert that any recovery on Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by Decedent's and/or Plaintiffs' comparative fault.

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**SIXTH AFFIRMATIVE DEFENSE**

52. Defendants assert that any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by Decedent's and/or Plaintiffs' own conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

53. Pursuant to Government Code section 818, as well as *The City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981), Defendant County is not liable for exemplary or punitive damages in any sum, or at all.

**EIGHTH AFFIRMATIVE DEFENSE**

54. Plaintiffs' Complaint fails to state a cause of action for municipal liability pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), in that there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental custom or policy.

**NINTH AFFIRMATIVE DEFENSE**

55. Defendants are immune from liability pursuant to the Federal Civil Rights Act where it reasonably believed that its actions were lawful. Defendant deputies are immune through Qualified Immunity for their acts.

**TENTH AFFIRMATIVE DEFENSE**

56. Plaintiffs did not sustain an injury, if at all, sufficient to give rise to a violation of their federal civil rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

57. Each of Plaintiffs' claims is barred by the applicable statutes of limitation.

**TWELFTH AFFIRMATIVE DEFENSE**

58. The actions of Defendants in all respects were reasonable, proper, and legal.

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

59. Neither a public entity nor public employees are liable for his or her act or omission exercised in due care, in the execution or enforcement of any law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

60. Neither a public entity nor public employees are liable for any injury caused by the act or omission of another person.

**FIFTEENTH AFFIRMATIVE DEFENSE**

61. Neither a public entity nor public employees acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for injury caused thereby, except to the extent that he or she would have been liable had the enactment been constitutional, valid and applicable.

**SIXTEENTH AFFIRMATIVE DEFENSE**

62. Plaintiffs' suit is barred by the provisions of California Government Code sections 815(a–b), 815.2(b), 818.8, 820.2, 820.4, 820.8, 821.6, and 945.4.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

63. Defendants allege that the damages allegedly suffered by Plaintiffs, which said damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiffs' alleged damages which thereby relieves Defendants from liability.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**WHEREFORE, the answering Defendants prays:**

1. That Plaintiffs take nothing by their Complaint on file herein;
2. For costs of suit incurred herein;
3. For attorneys' fees, and
4. For such additional remedies as the Court may find just and proper.

DATED: September 28, 2026 WESIERSKI & ZUREK LLP

By: [signature]

MICHELLE R. PRESCOTT
CHRISTOPHER P. WESIERSKI
Attorneys for Defendant COUNTY OF SAN BERNARDINO; CORRIN CASSIDY; JONATHAN ORTEGA; TYLER RAGLAND; JONATHAN RAMSTAD and TYLER WHITCOMB

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1, Defendants hereby demand a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: September 28, 2026

WESIERSKI & ZUREK LLP

By: /s/ Michelle R. Prescott

MICHELLE R. PRESCOTT
Attorneys for Defendant COUNTY OF SAN BERNARDINO

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000